RIVIDS, J.
The indictment in this case contains two counts: The first charges the statutory offence of house-breaking, under the 12th and 13th sections of chap. 192 of the Code, alleging not only the intent to steal, but also the actual theft; the second is for the larceny alone. As to the goods, their value and ownership, the larceny is laid precisely alike in both counts. Moreover, the court certifies it as a part of the record of this case, “that the larceny of which the prisoner was convicted under the second count of the indictment against him, was the same larceny charged in the first count of the indictment. ’ ’ Under this state of the pleadings, the prisoner was tried and found “guilty in manner and form as charged in the first count of the indictment aforesaid, and the term of his imprisonment in the county jail ascertained to be one month; and also guilty as charged in the second count of the indictment, and the term of his imprisonment for that offence fixed at three years in the penitentiary.” Thereupon a motion was made in arrest of judgment, on the ground that the record disclosed two convictions for one and the same offence; that a conviction on the first count should discharge the prisoner on the second, or otherwise he might be convicted and punished twice for the same offence. The overruling of this motion constitutes the only assignment of error in this case.
We are, therefore, called to examine and ascertain the legal effect, character and consequences of the first count of this indictment. As to the second, there is no question ; that is clearly and confessedly a count for larceny *only. The first *460 count, however, charges the statutory offence of house-breaking, with a two-fold averment of an intent to steal, and of the actual theft. The averment of the intent to steal is sufficient under the statute; so also, where the felony has actually been committed, it seems sufficient to allege the commission; as that is the strongest evidence of the intention. But the intent to commit a felony, and the actual commission of it, may both be alleged; and, in general, this is the better mode of statement. 1 Hale 560; 2 East P. C. c. 15, § 25, p. 514; Rex v. Furnival, Russ. & Ry. 445. Had this count contained only the averment of the intent, X presume there would be no g-round for the present complaint. If it had omitted this averment and substituted it by an allegation of actual theft alone, the case would be different from the present; and upon that I am not called upon to give an opinion. But here we have this complex crime set forth by a three-fold specification of the house-breaking, the intent to steal, and the actual theft. How shall such a count be construed? Shall it be taken as a count for felonious housebreaking, or as a joint count for housebreaking and larceny? And in case of a •general finding under such a count, shall the conviction be of house-breaking or of larceny, or of both? These questions, I think, are easily solved upon authority and the well-established principles of criminal pleading.
A leading case upon this subject is that of Commonwealth v. Hope, 22 Pick. R. 1, where the doctrine is expressed with great clearness by Chief Justice Shaw. In that case the defendant was indicted upon four distinct charges of house-breaking in the daytime; the indictment setting forth the entering and breaking with intent ,to steal, and also the actual theft. The prisoner was found guilty in all the four cases. By the law of that state, Rev’d Stat. ch. 126, l 19, a person convicted *at the same term of the court of three distinct larcenies shall be deemed a common and notorious thief, and shall be punished by imprisonment in the state prison not more than twenty years. Now, the municipal court, before which these trials were had, held these convictions to be of larceny, and sentenced the prisoner accordingly as a common and notorious thief. But this judgment was reversed, on the . ground that the conviction was for house-breaking, and not larceny. It was admitted that the usual form, of an indictment for burglary, East’s P. C. 512, contained an averment of the larceny, because the fact of stealing is the strongest evidence of the intent to steal; the intent being vouched by. the act, and the averment of the latter tantamount to the averment of the former. The averment of the larceny in such forms is regarded as a mere substitute for the averment of the intent ; and in another .case, Larned et al. v. Commonwealth, 12 Metc. R. 204, the court treated the averment of actual theft as sur-plusage, and held that where such averment was informal and wholly defective, the allegation of breaking and entering with intent to steal would be sufficient to sustain the conviction and judgment thereon. To the same effect are the cases of Crowley v. Commonwealth, 11 Metc. R. 575; Kite v. Commonwealth, 11 Metc. R. 581; Wilson & others v. The State, 24 Conn. R. 57.
If, therefore, this count had stood alone, we would be bound by these authorities to-treat it as a count for the statutorj' offence of house-breaking, and to accept a general verdict of guilty under it, as a conviction of that offence, and not of larceny. But it seems to me this is more especially proper when it is associated with another count in the same indictment for larceny-; the offence generally attending house-breaking, and the object contemplated by the burglar. It is the office of' the prosecuting ^attorney so to frame and vary his charges as to suit and meet such different proofs as he may contemplate; provided he be not guilty of duplicity in pleading. The evidence may fail to establish a burglarious entry, but be all-sufficient to establish a larceny. It is, therefore, eminently proper and convenient in such a case, to proceed by the two charges, first of burglary and then of larceny. The accused cannot object; on the contrary, such an arraignment more explicitly apprises him of the shifting accusations that he has to meet. When we contemplate the proper co-existence of the two counts, and the necessity of ascribing a different office to each we have no recourse but to construe the first as a count for felonious house-breaking,' from which we must discard the averment of larceny as superfluous, because tantamount, in such connection, with the precedent averment of the intent to steal; and the second as a count for the larceny attending the house-breaking. In case of a similar count in burglary, it has been held, the burglary may be negatived and the larceny found; so that if there be a general verdict of acquittal, no future trial could be had for the larceny comprised in the charge; but a general finding of guilty would lead to a sentence of house-breaking, and not larceny.
While for these reasons I hold it to be well settled upon authority and principle, that this count, if it stood alone, is to be accepted as a count for the statutory offence of house-breaking, it seems to me, when we construe it in connection with the other count of the same indictment, all doubt vanishes. That it was designed as a count for house-breaking and not larceny, is conclusively proven by the separate and distinct count for the latter offence. That no confusion arose upon the trial, appears from the responsive character of the verdict. The jury well understood and distinctly replied to the *two counts. They evidently construed the first according to its legal intendment as for housebreaking, and affixed the shortest term of imprisonment for such offence; and found the larceny under the second, and punished it by a more exemplary sentence. There is *461 no pretext, therefore, to be found, as it seems to me, in the pleadings, the verdict of the jury or the certificate of the court, to justify the allegation that the prisoner in this case has been twice sentenced for the same offence. The judgment, therefore, must stand ; and as the prisoner has already undergone the confinement in the county jail, to which he was sentenced, the term of his imprisonment in the penitentiary should now commence.
The other judges concured in the opinion ■of Rives, J.
Judgment affirmed.